UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SECURE ENERGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1636 TIA |
| | ) | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Philadelphia Indemnity Insurance Company's Motion to Dismiss Plaintiff's Claims with Prejudice. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

### Background

The present case arises out of certain insurance policies issued to Plaintiff Secure Energy by Defendant Philadelphia Indemnity Insurance Company (PIIC). (Petition for Declaratory Judgment ¶¶ 7-9, ECF No. 1-3) PIIC has insured Secure Energy since October 2007 through annual policies for D & O Liability coverage and Employment Practices coverage. Id. On or about July 24, 2009, Secure Energy was named as a defendant in a state court action filed in the Circuit Court of St. Louis County, Missouri. (Petition ¶ 10, ECF No. 1-3) Upon receipt of service, Plaintiff discussed the allegations with its insurance broker, and they determined that coverage was unavailable under the PIIC policies. (Petition ¶ 11, ECF No. 1-3) However, Plaintiff later submitted a claim requesting reimbursement for the cost of defense and indemnity, if necessary, on or about May 4, 2011. (Petition ¶ 12, ECF No. 1-3) Defendant refused coverage on the ground that the notice of the claim

was untimely. (Petition ¶ 13, ECF No. 1-3)

Plaintiff then filed a Petition for Declaratory Judgment in state court, which the Defendant removed to federal court on September 21, 2011, on the basis of diversity jurisdiction. In conjunction with its notice of removal, Defendant filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Attached to Defendant's memorandum in support of the motion are exhibits, which include the Plaintiff's Petition; the insurance policies in question; the state court complaint against Plaintiff, including the docket sheet; and Defendant's written denial of Plaintiff's claim. Plaintiff filed a memorandum in opposition to Defendant's motion on October 11, 2011, asserting that the Petition alleges facts sufficient to support a claim entitling it to the declaratory judgment relief sought. In its reply memorandum, Defendant relies on exhibits and documents outside the pleadings to argue that Plaintiff has failed to state a claim for relief.

## **Legal Standards**

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).[1] While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

---

[1] Curiously, both parties articulate the "no set of facts" standard as precedent in ruling on a motion to dismiss as opposed to the more recent "plausible on its face" standard set forth by the United States Supreme Court in Twombly, which explicitly abrogated the prior standard. Twombly, 550 U.S. at 561-63.

2

In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). A court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, __ U.S. __ , 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

## **Discussion**

Upon review of the Petition and the memoranda pertaining to the present motion to dismiss, the undersigned finds that dismissal is not appropriate at this time. At the motion to dismiss stage, the only issue before the Court is whether the pleadings state a cause of action that is plausible on its face. The Court may not look outside the pleadings when entertaining a motion to dismiss. Here, Plaintiff states a claim for which relief can be granted based on the face of the Petition.

Under Missouri's Declaratory Judgment Act, any person interested under a written contract, or whose rights are affected by a contract may have determined any question of construction or validity under the contract and obtain a declaration of rights. Mo. Rev. Stat. § 527.020. An action under the declaratory judgment act requires a justiciable controversy wherein: "(1) the plaintiff has a legally protectable interest at stake; (2) a substantial controversy exists with genuinely adverse interests; and (3) the controversy is ripe for judicial determination." Missouri Alliance for Retired Am. v. Dep't of Labor & Indus. Relations, 277 S.W.3d 670, 676 (Mo. 2009) (citations omitted).

Plaintiff asserts in its Memorandum in Opposition that a justiciable controversy exists regarding whether the causes of action in the underlying case are covered under one of the insurance policies issued by PICC and whether Plaintiff's failure to provide timely notice of a claim precludes coverage. Indeed, in the Petition Plaintiff requests that this Court declare the rights of the parties under the policies and require PIIC to provide coverage, including indemnification and defense in the underlying case. (Petition ¶ 18, ECF No. 1-3). In its reply, Defendant simply argues the merits of the Plaintiff's case, and does not respond to Plaintiff's assertion that it has adequately pled a claim for declaratory judgment. However, the undersigned finds that Plaintiff's Petition for Declaratory Judgment pleads enough facts to state a claim that is plausible on its face and raises a reasonable expectation that discovery will reveal evidence of the claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007).

The undersigned also notes that in its Motion to Dismiss and accompanying memoranda, the Defendant sets forth the wrong standard for ruling on a 12(b)(6) motion and relies on exhibits outside the pleadings. Those exhibits which Defendant, not Plaintiff, attached to the Petition are not referenced in the Petition and are not part of the pleadings.

Under Federal Rule of Civil Procedure 12(d):

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); see also McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). Matters outside the pleadings include "'any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'" Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366).

While the undersigned could convert the motion to dismiss to a motion to summary judgment, such conversion would be premature at this time. The Court will hold a Rule 16 conference and file a Case Management Order setting forth the discovery and dispositive motion schedule. The Defendant is free to refile its Motion to Dismiss as one for summary judgment at the appropriate time.

Accordingly,

**IT IS HEREBY ORDERED** that Philadelphia Indemnity Insurance Company's Motion to Dismiss Plaintiff's Claims with Prejudice [Doc. #4] is **DENIED.**

    /s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of January, 2012.